**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID RICH, | * | |
| Petitioner | * | |
| v. | * | Civil No. WDQ-12-3226 (Related Crim. No. WDQ-08-0438) |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO VACATE AND SET ASIDE SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

Petitioner, David Rich, by his attorney, Daniel H. Ginsburg and The Law Office of Daniel Ginsburg, LLC, respectfully files this Supplemental Memorandum of Law in support of his motion pursuant to 28 U.S.C. § 2255, and requests that this Court grant his motion, set aside his sentence, and order a new sentencing hearing. In support of this request, Petitioner states as follows:

**I.   ARGUMENT**

  1.   **Petitioner's Mandatory Life Sentence For Heroin Conspiracy Under 21 U.S.C. § 841(b)(1)(A) Is Unlawful Because One Of His Two, Prior Convictions For A "Felony Drug Offense" Has Been Vacated In State Court And Thus May Not Serve As A Predicate Crime For The Imposition Of That Mandatory Penalty.**

On April 22, 2010, Petitioner received a mandatory sentence of life imprisonment for conspiring to distribute and possess with intent to distribute one kilogram or more of heroin

1

[Count One of Superseding Indictment]. (See sentencing transcript of April 22, 2010, at 22.) The Court was required to impose a life sentence for that crime because Petitioner had two, prior convictions for a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A) and the Government filed an enhancement pursuant to 21 U.S.C. § 851. (*Id.* at 12-13). The predicate convictions occurred on: (1) August 8, 1995, for distribution of a controlled dangerous substance in Case No. 95-CR-1174 before the Circuit Court for Baltimore County; and (2) September 27, 2005, for possession of a controlled dangerous substance in Case No. 105228039 before the Circuit Court for Baltimore City.

On March 11, 2013, Petitioner filed a Petition of Writ of Error Coram Nobis in the Circuit Court for Baltimore City, challenging the voluntariness of his conviction of heroin possession in Case No. 105228039. On July 19, 2013, following a hearing, the Circuit Court vacated Petitioner's possession conviction and granted a new trial. (See Order of July 19, 2013, which is attached as Exhibit A, by Judge Marcus Z. Shar of the Circuit Court for Baltimore City.) Due to the vacatur of the possession conviction, Petitioner has only one, valid prior conviction of a "felony drug offense" and thus is no longer eligible for the mandatory life sentence that he received for heroin conspiracy in this case. Consequently, he must be granted a new sentencing hearing.

It is well established that, where a petitioner attacks successfully a predicate conviction in State court, he "may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994); *accord United*

*States v. Gasden*, 332 F.3d 224, 228 (4th Cir. 2003) (noting that "'after an enhanced federal sentence has been imposed,' inmates should first initiate a separate proceeding challenging the validity of their state court convictions") (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)). Thus, Petitioner followed proper procedure by securing the vacatur of his invalid, predicate State conviction in State court – a basis for federal sentencing relief in this case.[1]

> **2.  Petitioner Was Erroneously Classified As A "Career Offender" Under The United States Sentencing Guidelines And, As A Consequence, Received A Higher Sentence For Possession With Intent To Distribute Heroin.**

Petitioner received 420 months imprisonment, concurrent with his life sentence for heroin conspiracy, for possession with intent to distribute 100 grams or more of heroin [Count Two of Superseding Indictment]. (See sentencing transcript at 22.) Petitioner's guidelines range was calculated at 420 months to life in prison. (*Id.* at 4, 10, 13).

---

[1] In his Motion to Vacate and Set Aside Sentence and supporting Memorandum of Law, which were filed on November 4, 2012, Petitioner raised the claim that his mandatory life sentence for heroin conspiracy was unlawful due to the invalidity of his two, prior State convictions for a "felony drug offense." (See Motion, issue (L), at 5; Memorandum, issue (L), at 33-34.) Petitioner asserted this claim, which anticipated the vacatur of one or both of his predicate drug convictions, in order to comply with the one-year statute of limitations under 28 U.S.C. § 2255(f)(1) (providing that one-year limitation period runs from, *inter alia*, "the date upon which the judgment of conviction became final"). Even if Petitioner had not previously asserted this claim, however, it nonetheless would be timely because the vacatur, on July 19, 2013, of his possession conviction is a "new fact" that triggers the one-year limitations period under 28 U.S.C. § 2255(f)(4). *See Johnson v. United States*, 544 U.S. 295, 303 (2005).

Petitioner was deemed a "career offender" for the purposes of determining his offense level and criminal history category under the Sentencing Guidelines. *See* Petitioner's Presentence Report of November 1, 2009, at 8, ¶ 38 and 12, ¶ 63. Petitioner lacks, however, "at least two prior felony convictions of either a crime of violence or a controlled substance offense" and thus does not meet the definition of a "career offender." *See* U.S.S.G., §4B1.1(a)(3). Petitioner has but one conviction of a "controlled substance offense" – his aforementioned, 1995 conviction for distribution in Baltimore County. *See* U.S.S.G., §4B1.2(b). Recent case law establishes that Petitioner's two, prior convictions for second-degree assault, which were relied upon as predicates for his designation as a "career offender,"[2] do not constitute "crime[s] of violence" under Section 4B1.2(a) of the Guidelines.

First, convictions under Maryland's second-degree assault statute "cannot categorically be crimes of violence" because the statute "reaches violent and nonviolent touching alike." *Karimi v. Holder*, 715 F.3d 561, 569 (4th Cir. 2013). In *Karimi*, the Fourth Circuit concluded that, under the "strict categorical approach," a second-degree assault conviction in Maryland did not satisfy the definition of "crime of violence" as set forth in 18 U.S.C. §16. *Id.* Section 16(a) defined "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or

---

[2] Petitioner's Presentence Report classified him as a "career offender" based on his aforementioned distribution conviction and his second-degree assault convictions on: (1) March 22, 2001, in Case No. 801043004 before the Circuit Court for Baltimore City; and (2) July 25, 2002, in Case No. 01CR3802 before the Circuit Court for Baltimore County. (Presentence Report at 8, ¶ 38, and 12, ¶ 63.)

property of another" – the same language that is employed in Section 4B1.2(a)(1) of the Sentencing Guidelines, less the inclusion of "or property."

The decision of the United States Supreme Court in *Johnson v. United States*, 130 S. Ct. 1265 (2010), likewise demonstrates that Petitioner's second-degree assault convictions – which required no more than a reckless, offensive touching, no matter how slight[3] – do not categorically constitute "crime[s] of violence" under Section 4B1.2(a)(1) of the Guidelines. In *Johnson*, the Supreme Court defined "force" under Armed Career Criminal Act ["ACCA"] as "violent force," i.e., "strong physical force" that is "capable of causing physical pain or injury to another person." 130 S. Ct. at 1271. The "force" clause of the ACCA is identical to the clause that defines "crime of violence" in Section 4B1.2(a)(1) of the Guidelines. *Compare* 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as crime that "has as an element the use, attempted use, or threatened use of physical force against the person of

---

[3] Maryland's second-degree assault statute simply provides that "A person may not commit an assault." Md. Code, Crim. Law Art., § 3-203(a). Under this statute, the term "assault" retains its common-law definition, which means an attempted battery, an intentional placing of a victim in reasonable apprehension of an imminent battery, or a consummated battery. *See* Md. Code, Crim. Law Art., § 3-201(b) ("'Assault' means the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings."); *Lamb v. State*, 613 A.2d 402, 404 (Md. Ct. Spec. App. 1992). Battery, in turn, is broadly defined as "*any* unlawful force used against a person of another, *no matter how slight.*" *State v. Duckett*, 510 A.2d 253, 257 (Md. 1986) (internal quotation marks and citation omitted). Under Maryland law, battery (and, by definition, assault) can be committed by a "wide" range of conduct, "including kissing without consent, touching or tapping, jostling, and throwing water upon another . . .." *Epps v. United States*, 634 A.2d 20, 23 (Md. 1993). Therefore, Maryland's second-degree assault statute does not have an element of "violent force," i.e., "force capable of causing physical pain or injury to another person." *See Johnson*, 130 S. Ct. at 1271.

another") *with* U.S.S.G. § 4B1.2(a)(1) (providing same definition for "crime of violence"). Therefore, the definition of "force" under the ACCA applies equally to Section 4B1.2(a). *See United States v. Gomez*, 690 F.3d 194, 200 (4th Cir. 2012) (applying "violent force" definition in *Johnson* to Sentencing Guidelines). Because the actus reus of second-degree assault under the Maryland statute is merely "*any* unlawful force used against a person of another, *no matter how slight*," *Duckett*, 510 A.2d at 257, the offense lacks, as a required element, "strong physical force" that is "capable of causing physical pain or injury to another person." *See Johnson*, 130 S. Ct. at 1271. Consequently, convictions under Maryland's second-degree assault statute do not categorically constitute "crime[s] of violence" under Section 4B1.2(a)(1) of the Guidelines.

This Court may not look beyond the elements of second-degree assault to the specific conduct underlying Petitioner's convictions in order to determine whether the prior offenses involved the use of "violent force." A federal sentencing court may apply this "modified categorical approach" to a statute only if it contains alternative elements that enumerate separate crimes – at least one of which requires proof of "violent force" and one of which does not. *See Descamps v. United States*, 133 S. Ct. 2276, No. 11-9540, slip op. at 5 (June 20, 2013) (stating that modified categorical approach "serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction"); *Gomez*, 690 F.3d at 199 (clarifying that "district courts may apply the modified categorical approach to a statute only if it contains divisible categories of proscribed conduct,

at least one of which constitutes – by its elements – a violent felony") (emphasis added). Maryland's second-degree assault statute is not divisible, however, because no variety of the offense contains the element of "violent force." *See Karimi*, 715 F.3d at 567-68 (observing that, as "the Maryland second-degree assault statute is not itself technically divisible – meaning that it does not contain statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not – *Gomez* indicates that convictions under the statute may not be susceptible to the modified categorical approach despite the statute's broad coverage of both violent and nonviolent conduct") (internal quotation marks and citation omitted). *See also United States v. Bailey*, 2012 WL 5458485 (4th Cir. Nov. 9, 2012) (unpublished) (remanding for resentencing, in light of holding in *Gomez* that "modified categorical approach applies only to those statutory offenses in which the statute itself is divisible," 690 F.3d at 200, where district court found, via "modified categorical approach," that defendant's prior conviction under Maryland's second-degree assault statute qualified as predicate "violent felony" for purposes of ACCA). Consequently, this Court may not employ a "modified categorical approach" in order to determine whether Petitioner's prior, second-degree assault convictions constitute "crime[s] of violence" under Section 4B1.2(a)(1) of the Guidelines.

Second, Petitioner's convictions under Maryland's second-degree assault statute categorically fail to qualify as "crime[s] of violence" under U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" as offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of**

**physical injury to another**") (emphasis added in order to identify "residual clause").  In *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court held that a prior offense constitutes a "crime of violence" under the residual clause of Section 4B1.2(a)(2) only if the crime has elements criminalizing "purposeful, violent, and aggressive" conduct, and poses a "serious potential risk of physical injury to another" that is "similar in kind as well as in degree of risk posed" by the enumerated offenses.  *Id.* at 143-45.  A conviction under Maryland's second-degree assault statute is missing each of these *Begay* elements because: (1) the required mens rea for second-degree assault is mere recklessness, *Pryor v. State*, 6 A.3d 343, 357 (Md. Ct. Spec. App. 2010), not "purposeful conduct"; (2) the requisite actus reus of second-degree assault is an unlawful touching, "no matter how slight," *Duckett*, 510 A.2d at 257 – conduct that does not pose a "serious potential risk of physical injury to another," much less a risk that is "similar in kind as well as in degree of risk posed" by burglary, arson, extortion, or use of explosives; and (3) a mere unlawful touching, "no matter how slight," *id.*, does not rise to the level of "violent" and "aggressive" conduct, as required by the residual clause of Section 4B1.2(a)(2).

In summary, this Court erroneously relied on Petitioner's two, prior convictions under Maryland's second-degree assault statute in order to classify him as a "career offender." Those offenses did not qualify as "crime[s] of violence" under Section 4B1.2(a) of the Guidelines and thus were not proper predicate offenses for the purpose of the "career offender" enhancement.  Because Petitioner is not a "career offender," he has a total of 11 criminal history points, which produces a criminal history category of V.  *See* Presentence

Report at 12, ¶ 62.[4]  Therefore, his overall guidelines range on Counts One, Two, and Four is 384 months to 465 months.  It is apparent that this Court, in sentencing Petitioner to 420 months imprisonment on Count Two, intended to impose a sentence at the bottom of his guidelines range, which was incorrectly calculated at 420 months to life when Petitioner was originally sentenced.  Consequently, Petitioner must be resentenced on Count Two.

> 3. **Petitioner Was Erroneously Classified As An "Armed Career Criminal" And, As A Consequence, Improperly Received A Mandatory Minimum Sentence For Possession Of A Firearm By A Convicted Felon.**

Petitioner was deemed an "armed career criminal" under 18 U.S.C. § 924(e) based on the theory that he had at least three, prior convictions for a "violent felony" or "serious drug offense."  *See* Presentence Report at 13, ¶ 64.  Consequently, Petitioner received a mandatory, minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e)(1) for possession of a firearm by a convicted felon [Count Four of Superseding Indictment].  (*See* Presentence Report at 13, ¶ 70; sentencing transcript at 22).

Petitioner did not qualify as an "armed career criminal," however, because neither of his two, prior convictions of second-degree assault constituted a "violent felony" under 18 U.S.C. § 924(e)(2)(B).  As detailed above, a conviction under Maryland's second-degree assault statute requires merely a reckless, offensive touching, "no matter how slight," *Duckett*, 510 A.2d at 257, and thus does not satisfy the "force" clause of the ACCA.  *See Johnson*, 130 S. Ct. at 1271 (defining "force" under ACCA as "violent force," i.e., "strong

---

[4]  Due to the vacatur of Petitioner's conviction of heroin possession, he has 11 rather than 12 criminal history points.  Nonetheless, his criminal history category remains V.

physical force" that is "capable of causing physical pain or injury to another person"). Furthermore, for the reasons that are set forth above, a conviction under Maryland's second-degree assault statute does not constitute a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii). *See Begay*, 553 U.S. at 143-45. *See also Gomez*, 690 F.3d at 197 (observing that "[w]e rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the ACCA, because the two terms have been identified in a manner that is substantively identical"). Because Petitioner improperly received a mandatory, minimum sentence of 15 years on Count Four, he also must be resentenced for that offense.

    **4.**    **Petitioner Must Be Resentenced On All Counts Under The "Sentencing Packaging Theory" Because The Sentences That He Received On Individual Counts Were Interdependent.**

As discussed above, Petitioner must be resentenced for heroin conspiracy [Count One of Superseding Indictment] because he is no longer eligible for a mandatory, minimum penalty of life imprisonment for that offense, in light of the vacatur of his predicate State conviction for possession. When this Court originally sentenced Petitioner, the Court, in structuring the sentences on the various counts, was cognizant of Petitioner's mandatory life term. In other words, the sentences for the balance of Petitioner's offenses were not imposed in a vacuum. Therefore, the vacatur of Petitioner's life sentence for heroin conspiracy will unbundle his sentencing package. Under these circumstances, this Court has jurisdiction to resentence Petitioner on all counts. *See United States v. Smith*, 115 F.3d 241, 245 (4th Cir.

1997) (recognizing that, where vacatur of portion of sentence "radically changes the sentencing package," district court has jurisdiction under 28 U.S.C. § 2255 to resentence defendant on other counts) (quoting *United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1997)). *See also United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997) (concluding that district court has "broad and flexible § 2255 remedial power" to correct sentence for drug offense where defendant secured vacatur of related sentence under 28 U.S.C. § 924(c)).

At Petitioner's original sentencing hearing, this Court acknowledged that his mandatory, life sentence for heroin conspiracy would "create an apparent disparity here knowing what we know about everyone involved in the conspiracy." (Sentencing transcript at 13). The Court added that "there are others who, perhaps with equal or greater culpability, will get less time." (*Id.*). The Court was responding to defense counsel's observation that Raymond Stern, a heroin supplier and alleged co-conspirator, received a sentence of only 15 years. (*Id.* at 12). This Court, in determining Petitioner's sentence, must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Therefore, a resentencing on all counts would enable the Court to consider this factor as well as the other Section 3553 factors in light of Petitioner's ineligibility for a mandatory life sentence on Count One. At Petitioner's original sentencing hearing, the imposition of below-Guidelines sentences on lesser counts would have had no practical effect on Petitioner's actual time in prison due to his mandatory life term on Count One; at a new sentencing hearing, however, this Court

reasonably could impose below-Guidelines sentences on Count One and various lesser counts.

Respectfully submitted,

/s/
Daniel H. Ginsburg, Bar No. 24223
The Law Office of Daniel Ginsburg, LLC
One Research Court, Suite 450
Rockville, MD 20850
301.519.8014 (o)
danielginsburglaw@gmail.com

Counsel for Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of August, 2013, a copy of the foregoing Supplemental Memorandum of Law in Support of Motion to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255 was filed using the Court's CM/ECF system, which will provide electronic notification to James Thomas Wallner, Assistant United States Attorney, Office of the United States Attorney, 36 S. Charles Street, Fourth Floor, Baltimore, MD, 21201.

/s/
Daniel H. Ginsburg
