# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID RICH, | * | |
| Petitioner | * | Criminal Case RDB-08-438 |
| | | Civil Action No. RDB-17-3731 |
| v | * | |
| UNITED STATES, | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

On October 1, 2009, a jury found David Rich guilty of conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. §846, possession with intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1) & (b)(1)(B); possession of a firearm in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and assault on law enforcement officers, in violation of 18 U.S.C. § 111.

On April 22, 2010, Rich was sentenced to life imprisonment plus twenty years. Rich filed an appeal, and the Fourth Circuit affirmed his conviction in *United States v. Rich,* 434 Fed. Appx. 224 (4th Cir. 2011).

On November 15, 2013, Rich was resentenced to a total term of 360 months of imprisonment, after seeking relief pursuant to 28 U.S.C. § 2255, because one of his prior felony drug offenses was vacated on state *coram nobis* review. Rich filed an appeal, and the Fourth Circuit affirmed his amended judgment on July 2, 2014. *United States v. Rich,* 577 F. App'x 234 (4th Cir. 2014).

Rich's sentence was reduced on November 3, 2016, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines, to a total term of 300 months of imprisonment. (ECF 127)

Pending is Rich's Motion to Vacate pursuant to 28 U.S.C. § 2255, which he filed on December 18, 2017. (ECF 130). Rich claims that he is entitled to habeas relief pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). This is Rich's first § 2255 motion filed since his amended judgment was issued on November 15, 2013 (ECF 100); therefore, it is not second or successive. *See In re Gray,* 850 F.3d 139, 143 (4th Cir. 2017) ("when a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b)") (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)). *See also In re Rich*, No. 17-305 (4th Cir. July 7, 2017) (denying Rich's request for authorization to file a second or successive §2255 motion as unnecessary).

Respondent has filed an Answer seeking to dismiss Rich's Motion as time-barred. (ECF 131) Rich has filed a Reply with supplements. (ECF Nos. 133, 134, 135). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons to follow, Rich's Motion to Vacate, pursuant to 28 U.S.C § 2255, (ECF No. 130) is DISMISSED as untimely.

## ANALYSIS

Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Rich's amended judgment of conviction became final on October 20, 2014, when his Petition for Writ of Certiorari was denied. *Rich v. United States*, 135 S.Ct. 416 (2014). Consequently, the § 2255(f)(1) limitations period expired one year later, on October 20, 2015. Rich did not file the instant Motion until December 18, 2017, more than two years after the limitations period expired. Therefore, the Motion is untimely under § 2255(f)(1).

Rich maintains that the Motion is timely under 28 U.S.C. § 2255(f)(3) & (f)(4) because he filed it within one year of the Supreme Court's decision in *Dean*. ECF 130 at 3, 11; ECF 130-1 at 8.[1] The Supreme Court decided *Dean* on April 3, 2017, and Rich filed his § 2255 Motion within one year of that date. But the rule announced in *Dean* is not a new right made retroactive to cases on collateral review and, as a result, Rich's Motion does not fit the exception under § 2255(f)(3). *See e.g., United States v. Raghoonan,* 2018 WL 1084053, at *11 (D. Vt. Jan. 10, 2018); *United States v. Dean*, 2017 WL 6349834, at *2 (D.S.C. Dec. 13, 2017) ("*Dean's* holding has not been declared retroactively available to cases on collateral review […] Defendant cannot utilize § 2255(f)(3) to render his § 2255 motion timely."); *United States v. Hill*, 2017 WL 4544673, at *8 (E.D. Va. Oct. 11, 2017) (same); United States v. Miller, 2017 WL 2963521, at *2 (W.D. Va. July 12, 2017) (same); *United States v. Adams*, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (same); *Morban-Lopez v. United States*, 2017 WL

---

[1] Page references are to the electronic docket.

2682081, at *2 (W.D.N.C. June 21, 2017) (same), appeal dismissed, No. 17-6954, 2017 WL 5626005 (4th Cir. Nov. 21, 2017). Rich accurately notes in his Reply that Respondent has cited district court but no appellate decisions for this proposition. ECF No. 133 at 1. Importantly, Rich provides no authority to refute these decisions, nor is there any stated basis for ignoring the precedent cited.

Rich argues that *Dean* is retroactive in his case because it created a "substantial change in the law" and his 2255 Motion was filed within one (1) year of its holding. (ECF 133, 134, 135). Rich cites a number of cases in support, but his reliance is misplaced. For example, Rich relies on *Richardson v. U.S.,* 526 U.S. 813, (1991), a case which does not involve federal collateral review or discuss the applicable one year limitations period. He also relies on *Dodd v. United States*, 545 U.S. 353, 358 (2005), which held the one year limitations period for filing based on a right that was newly recognized by the Supreme Court runs from the date the Court initially recognizes the right asserted, not the date the right asserted was made retroactively applicable. As discussed, *Dean* has not been held to be a newly recognized right retroactive to cases on collateral review. Rich also relies for support on *Nelson v. Colorado*, 137 S. Ct. 1249, 1255 (2017) (Colorado statutes violated due process by requiring defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain the refund of costs, fees, and restitution paid pursuant to the invalid conviction) and *Sessions v. Dimaya,* 138 S. Ct. 1204, 1210 (2018) (holding the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's (INA) definition of aggravated felony, was impermissibly vague). Neither case addresses the issues under review in Rich's case.

Further, Rich fails to demonstrate the Motion is timely filed under any provisions of § 2255(f) because Rich's claims do not involve alleged unconstitutional governmental action, as required by § 2255(f)(2), or new facts that could not have been previously discovered through the exercise of due diligence, to satisfy § 2255(f)(4).

Rich was provided the opportunity to provide information to demonstrate that he is entitled to equitable tolling of the limitations period, but has not done so. Accordingly, the Motion to Vacate, pursuant to 28 U.S.C § 2255, (ECF130) is DISMISSED as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims for relief debatable, a certificate of appealability is DENIED.

## CONCLUSION

For these reasons, this Court will DISMISS the Motion to Vacate, Set Aside or Correct Sentence as time-barred and will DENY a Certificate of Appealability in a separate Order to follow.

July 1, 2018  \_\_\_\_\_/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE