IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                               |     |                                    |
|-------------------------------|-----|------------------------------------|
|                               |  *  |                                    |
| UNITED STATES OF AMERICA      |  *  |                                    |
| v.                            |  *  |                                    |
|                               |     | Criminal Action No. RDB-08-438     |
| DAVID RICH,                   |  *  |                                    |
| Defendant.                    |  *  |                                    |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM ORDER</u>**

Following a four-day jury trial before Judge William D. Quarles of this Court,

Defendant David Rich ("Rich") was convicted of conspiracy to distribute and possess with

the intent to distribute heroin in violation of 21 U.S.C. § 846 (Count One); possession with

intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count

Three); possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Four);

and assault on a federal law enforcement officer in violation of 18 U.S.C. § 111 (Count Five).

On April 22, 2010, Judge Quarles sentenced Rich to the enhanced mandatory minimum[1]

term of life imprisonment on Count One; a concurrent 420-month term on Count Two, and

a concurrent 180-month term of imprisonment on Count Four. (RDB-08-438, ECF No. 55.)

Judge Quarles also imposed concurrent terms of 60 months on Count Three and 240

months on Count Five which were to run consecutively to the sentences imposed on Counts

---

[1] *See* 21 U.S.C. § 851; 21 U.S.C. § 841(b)(1)(A) (2006); ECF No. 19.

One, Two, and Four. (*Id.*) Rich later secured vacatur of a prior Maryland conviction and filed

a motion pursuant to 28 U.S.C. § 2255 seeking a re-sentencing for his federal convictions.

The Government agreed to the request for re-sentencing, and Judge Quarles reduced Rich's

overall sentence to 360 months of imprisonment. (ECF No. 100.) Later, Rich filed another

motion seeking a reduction of sentence pursuant to Sentencing Guidelines Amendment 782,

which reduced the guidelines for certain drug quantities. The Government again consented

to the motion. (ECF No. 126.) Then-Chief Judge Blake of this Court reduced Rich's

sentence to 300 months of imprisonment, the applicable mandatory minimum. (ECF

No.127.) Rich is currently serving his sentence at FCI McDowell in Welch, West Virginia. By

separate Memorandum Opinion and Order, this Court has DENIED Rich's Petition for a

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (RDB-19-129, ECF No. 1.)

Now pending is Rich's Motion for Compassionate Release pursuant to 18 U.S.C. §

3582(c)(1)(A)(i) which has been supplemented by Counsel. (ECF Nos. 152, 159

*SEALED*.) The Government opposes the motion. (ECF Nos. 162 *SEALED*, 163.) For

the reasons that follow, Rich's Motion for Compassionate Release (ECF Nos. 152, 159

*SEALED*) is hereby construed as a Motion for Sentence Reduction and is GRANTED.

Rich will be resentenced by this Court at a hearing on a date to be determined.

## BACKGROUND

The facts of this case were summarized by Judge Quarles of this Court in his

Memorandum Opinion granting in part and denying in part Rich's first Motion to Vacate,

Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 97.) On

September 16, 2008, Rich was indicted by a grand jury and charged with possession with

intent to distribute 100 grams of heroin (Count Two); possession of a firearm in furtherance

of a drug trafficking crime (Count Three); possession of a firearm by a felon (Count Four);

and assault of a law enforcement officer (Count Five.) (ECF No. 1.) On February 19, 2009,

Rich was charged in a superseding indictment with the counts from the original indictment

and conspiracy to distribute one kilogram or more of heroin (Count One). (ECF No. 16.)

On February 25, 2009, the Government filed a Notice of Intention to Seek Minimum

Mandatory Sentence and Enhanced Minimum Mandatory and Maximum Sentences pursuant

to 21 U.S.C. § 851. (ECF No. 19.) Rich pled not guilty to all counts and proceeded to trial on

September 28, 2009.

The following is a summary of the facts proven at trial that the Government provided

to the United States Probation Office for inclusion in Rich's Presentence Investigation

Report ("PSR"):

> The defendant was identified as a member of a drug conspiracy moving
> significant quantities of heroin. Testimony during the trial from one witness
> established that the defendant received over ten kilograms of heroin from the
> witness, who acted as a courier for one of the defendant's suppliers. As part of
> the investigation, the defendant was surveilled by law enforcement officers
> traveling to an apartment, 2702 Gresham Way, Apartment 301, Baltimore
> County, Maryland. At various times, during the evening of August 25-26, 2008,
> law enforcement officers observed the defendant coming out onto the balcony
> of Apartment 301. Following a complete night of surveillance, at approximately
> midday on August 26, 2008, the defendant was observed exiting Apartment 301,
> and entering his 2008 Mercedes. Agents, armed with an arrest warrant,
> approached the defendant to take him into custody. The defendant placed his
> vehicle in drive and attempted to run over one officer, who was a federal task
> force officer with the Drug Enforcement Administration. The TFO escaped
> being run over by diving out of the way of the approaching vehicle. The
> defendant then led police on a high speed chase, culminating in his arrest in a
> wooded area near Interstate 695. A search warrant was prepared for 2702
> Gresham Way Apartment 301. A search of the location revealed over 500 grams
> of heroin, significant quantities of cutting and packaging paraphernalia for
> heroin, a loaded .357 caliber handgun, and over $85,000 in cash.

(Amended PSR, ECF No. 102 ¶ 7.)

On October 1, 2009, the jury found Rich guilty on all counts. (ECF No. 44.) Given his 1994 Baltimore County conviction for unlawful manufacture of a controlled substance (ECF No.102 ¶ 41) and his 2004 Baltimore City conviction for possession of a controlled substance (*Id.* ¶ 56, vacated on July 19, 2013), Rich faced a mandatory minimum term of life imprisonment on Count One. On April 22, 2010, Judge Quarles sentenced Rich to life plus twenty years of imprisonment. (ECF No. 55.) Rich appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence in an unpublished opinion in *United States v. Rich*, 434 F. App'x 224 (4th Cir. 2011). On November 15, 2013, Judge Quarles resentenced Rich to a total term of 360 months of imprisonment because one of his prior felony drug offenses was vacated on state *coram nobis* review. (ECF No. 100.) Rich appealed, and the Fourth Circuit affirmed his amended judgment on July 2, 2014. *United States v. Rich*, 577 F. App'x 234 (4th Cir. 2014). On November 3, 2016, then-Chief Judge Blake of this Court reduced Rich's sentence to a total term of 300 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (ECF No. 127.) Rich filed another motion pursuant to 28 U.S.C. § 2255 on December 18, 2017. (ECF No. 130.) On July 2, 2018, this Court dismissed the motion as untimely. (ECF Nos. 136, 137.)

On December 30, 2020, Rich filed the presently pending Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) which has been supplemented by counsel. (ECF Nos. 152, 159 *SEALED*.)

**ANALYSIS**

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established

significant changes to the procedures involving compassionate release from federal prison.

Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons

("BOP") with sole discretion to file compassionate release motions with the Court. With the

passage of the First Step Act, defendants are now permitted to petition federal courts

directly for compassionate release whenever "extraordinary and compelling reasons" warrant

a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he

"has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize

compassionate release upon a showing of "extraordinary and compelling reasons"

warranting a reduction; that the defendant is no longer a danger to the community; and after

weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G.

§ 1B1.13.

### I.    Administrative Exhaustion Requirements

Rich has provided this Court with documentation showing that he submitted a notice

and request for compassionate release to the Warden of FCI McDowell in April 2021. On

April 29, 2021, the Warden denied Rich's request. (ECF No. 159-1 *SEALED*.) The

Government acknowledges that Rich "has exhausted the administrative requirements

associated with a First Step Act sentencing reduction request." (ECF No. 162 *SEALED* at

2.) Accordingly, the exhaustion requirement has been met, and Rich's motion is properly

before this Court.

## II.    Extraordinary and Compelling Reasons

The United States Sentencing Commission is charged with defining "what should be

considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. §

3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that

"extraordinary and compelling reasons" exist where a defendant is "suffering from a serious

physical condition . . . that substantially diminishes the ability of the defendant to provide

self-care within the environment of a correctional facility and from which he is not expected

to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years

old; (ii) is experiencing a serious deterioration in physical or mental health because of the

aging process; and (iii) has served at least 10 years or 75 percent of his or her term of

imprisonment, whichever is less," presents extraordinary and compelling reasons to release.

U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons

to identify other extraordinary and compelling reasons "other than, or in combination with"

the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines

nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this

Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of

Prisons' authority over compassionate release petitions and authorizes the district courts to

exercise their "independent discretion to determine whether there are 'extraordinary and

compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL

2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th

Cir. 2020) (holding that "the First Step Act allows courts independently to determine what

reasons, for purposes of compassionate release, are 'extraordinary and compelling'"). Rich

highlights two potential "extraordinary and compelling" reasons to consider his motion: (1)

his hyperlipidemia and prediabetes, which render him susceptible to COVID-19; and (2) the

sentencing disparity between the sentence Rich received and that which he would receive

today as a result of changes in the law. (ECF No. 159 *SEALED* 3-4.)

Rich's COVID-19 vulnerability claim is unavailing. This Court has determined that a

heightened susceptibility to COVID-19 may present extraordinary and compelling reasons

for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at

*1 (D. Md. July 6, 2020). Nevertheless, "while the COVID-19 pandemic created an elevated

risk for Defendant [Rich] and others in BOP facilities, the rollout of three vaccines for

COVID-19 . . . has lowered that risk in recent months." *United States v. Maynor*, No. RDB-17-

280, 2021 WL 3269086, at *3 (D. Md. Jul. 30, 2021). According to medical records obtained

from the Bureau of Prisons, Rich has hyperlipidemia and prediabetes, both of which render

him vulnerable to COVID-19. (BOP Medical Records, ECF No. 159-2 *SEALED* at 18.)

Rich, however, has declined to receive a COVID-19 vaccine. (ECF No. 159-2 *SEALED* at

23; ECF No. 165 at 2.) Judges of this Court have held that refusal to obtain a COVID-19

vaccine significantly undermines a defendant's claim that his susceptibility to the effects of

COVID-19 is grounds for compassionate release. *See United States v. Roberts*, No. CCB-13-

0407, 2021 U.S. Dist. LEXIS 231671, at *5-6 (D. Md. Dec. 1, 2021) ("The court agrees,

however, that a refusal to be vaccinated, in the absence of a documented medical reason,

undercuts a claim of extraordinary and compelling reasons for compassionate release"); *see also United States v. Church*, No. ELH-17-322, 2021 U.S. Dist. LEXIS 115526, at \*24 (D. Md. June 21, 2021) (citing *United States v. Ayres*, No. SAG-04-004, 2021 U.S. Dist. LEXIS 108110, at \*6-7 (D. Md. June 9, 2021)). Additionally, FCI McDowell, where Rich is housed, currently has a 67% inmate vaccination rate and no active inmate cases of COVID-19.[2] In light of his refusal to be vaccinated, and the conditions in his facility of confinement, Rich's medical conditions do not independently constitute "extraordinary and compelling" grounds for relief.

Nevertheless, these are not the only considerations Rich offers. Rich argues that he is serving a sentence that is disproportionate to the average sentence for drug conspiracy crimes and that the disparity is driven largely by the fact that the Government sought enhanced penalties on Count One pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. (ECF No. 159 \*SEALED\* at 8-10.) The Government responds that Rich's sentence is the applicable mandatory minimum and that it is within his advisory guidelines range even accounting for changes in the law. (ECF No. 162 \*SEALED\* 12-14.) Rich's argument on this point is more persuasive.

In *McCoy*, the Fourth Circuit ruled that "there is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." 981 F.3d at

---

[2] See COVID-19 Coronavirus: COVID-19 Vaccine Implementation and COVID-19 Cases, BOP, https://www.bop.gov/coronavirus (last visited Dec. 15, 2021).

284 (citation omitted.) As Judge Messitte of this Court has noted: "section 851 enhancements have generally become so disfavored that in 2016 they were applied in only five cases in this district—although more than half of drug-trafficking cases were eligible—making it highly unlikely that the enhancement would be applied at all if [the Defendant] were tried today." *United States v. Sappleton*, No. 01-284-PJM-3, 2021 U.S. Dist. LEXIS 29020, at *7 (D. Md. Feb. 16, 2021). Thus, while it may be true that Rich's advisory guidelines range on Count One would be 235 to 293 months today, he would only be facing a 10-year mandatory minimum without the § 851 enhancement. In addition, as Rich notes, his sentence on Count One is well above the average for drug conspiracy crimes. (ECF No. 159 *SEALED* at 9.) In Fiscal Year 2020, the mean sentence length in the District of Maryland for drug trafficking crimes was 75 months and the median was 60 months. *See* United States Sentencing Commission Statistical Information Packet: Fiscal Year 2020 District of Maryland, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2020/md20.pdf. Even after two Judges of this Court have reduced his sentence, Rich is still serving a sentence on Count One that is four times greater than the median sentence for a drug trafficking crime in this District. This Court concludes that the sentencing disparity between Rich and others convicted of drug trafficking conspiracies is an "extraordinary and compelling" ground for relief. Accordingly, this motion will turn on this Court's application of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors.

### III.    Danger to the Community and 18 U.S.C. § 3553(a) Factors

Before imposing a reduction in sentence, this Court must determine whether Rich is a danger to the community, and consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). To determine whether a defendant is a danger to the community, this Court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) requires many of the same considerations. These factors require this Court must evaluate (1) Rich's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471 at *4. On balance, these factors do not justify immediate release. However, they do support a reduction in sentence to reflect Rich's progress while incarcerated, challenges in his early life, and potential to lead a law-abiding life outside of prison with the support of his family and friends.

Rich's criminal history is extensive and concerning. It includes no fewer than six convictions of varying degrees of seriousness, including convictions for at least two violent offenses and for witness intimidation. (PSR ¶¶ 43-44, 46-51.) The two violent offenses do, however, date back to 2001. (*Id.*) Rich's early life does offer some mitigation to this record.

Tragically, Rich's mother was murdered when he was just 14 years old. (ECF No 159 *SEALED* 12.) He later turned to using drugs and then began selling drugs when he was unable to afford to purchase them for his own use. (*Id.* at 13.) There is no doubt that the offenses for which Rich was convicted by the jury were serious. Rich is serving a sentence for offenses that carry mandatory minimum terms of imprisonment. The sentence Rich has served and continues to serve does promote respect for the law. It sends a message that drug trafficking while possessing firearms will result in years in the Bureau of Prisons. While Rich does have a disciplinary record in prison, the Government acknowledges that the record is not so bad as to be disqualifying. (ECF No 162 *SEALED* 17.) Rich has also taken advantage of courses and programming in the Bureau of Prisons and has maintained steady employment. (ECF No. 159 *SEALED* 10-11.) This Court also considers that Rich has the support of family and friends, who have written in support of his motion. (*Id.* 14-16.)

Though the seriousness of Rich's offenses and his extensive criminal history counsel against immediate release, the disparity in Rich's sentence when compared to the sentences others have received in this District and across the country for similar crimes weighs in favor of some reduction. Accordingly, this Court will hold a resentencing hearing at which it will conduct an individualized analysis to determine the degree of reduction of sentence that is appropriate. *See United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)).

**CONCLUSION**

For the reasons stated above, it is HEREBY ORDERED this 16th day of December, 2021, that Defendant David Rich's Motion for Compassionate Release (ECF No. 152) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is construed as a Motion for Sentence Reduction, and is **GRANTED.** Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant David Rich's term of incarceration shall be reduced following a resentencing hearing before this Court.


_____/s/_____
Richard D. Bennett
United States District Judge